# COURT OF ERRORS AND APPEALS.

JUNE TERM, 1859.

~~~~~~~~~~

Between Moses Ward and wife, appellants, and Wil-
liam O. Price, respondent.

A bond and mortgage sold by the assignee of a bankrupt mortgagee, and
afterwards sold and transferred by the purchaser at such sale to a third per-
son, in trust for the mortgagor, cannot be enforced against a prior grantee
of the mortgagor holding under a deed with covenants of general warranty
and against encumbrances.

In such case the proof of the trust must be satisfactory.

---

*J. P. Bradley*, for appellants.

*A. S. Pennington*, for respondents.

The opinion of the court was delivered by

Green, C. J. The bill was filed by Price in the court
below, to foreclose a mortgage given by William T. In-
graham to Elisha Whittaker, on the 23d of May, 1836,
to secure the payment of $172.50. In 1843, Whittaker,
the mortgagee, became bankrupt, the bond and mortgage
were sold by his assignee, and subsequently passed by
assignment to the complainant. Ingraham, the mortga-
gor, sold and conveyed the mortgaged premises by deed,
with covenant of general warranty and against encum-
brances.

The sole defence is, that the bond and mortgage were
in reality sold to Ingraham, the mortgagor, and that they
are held by Price, the complainant, in trust for his bene-

fit.  If the fact be so, the complainant cannot recover. The defence turns upon the proof of that fact.  The burthen of proof is on the defendant.

The evidence does not satisfactorily prove the defence. The circumstance that the mortgage was purchased by a brother of the mortgagor in his name, and that it was assigned to his partner, renders it probable that the purchase was made for his benefit.  But there is no evidence that the brother was ever authorized to make the purchase for the mortgagor, or that the mortgagor were advanced one dollar of the purchase money.  On the contrary, the evidence is express that, at the time of the purchase, it was expressly stated that the mortgagor was unable to raise the money, and that the money would be paid by the complainant.  The mortgagor himself testifies that the money was paid by the complainant for his own benefit, and that it has never been repaid.

The defence is not sustained, and the decree must be affirmed.

The decree of the court below was affirmed.